Richard Allen KLEVEN, II, Appellant,

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE—INSTITUTIONAL DIVISION, Appellee.

No. 06–00–00122–CV.

Court of Appeals of Texas, Texarkana.

Submitted Nov. 28, 2000.

Decided Nov. 29, 2000.

Richard Allen Klevin II, Iowa Park, for appellant.

Gerard R. Rawls, Asst. Atty. Gen., Austin, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Richard Kleven, II appeals from the dismissal of his suit against the Texas Department of Criminal Justice—Institutional Division (TDCJ). Kleven, an inmate acting pro se, sued TDCJ and two of its employees, Matthew Cheatham and Gary Stevens, in their individual capacities. In his petition, Kleven contends that TDCJ was depriving him of his right to compensation under TEX. GOV'T CODE ANN. § 501.007 (Vernon 1998)[1] and under the United States and Texas Constitutions without due process of law.[2] He requested a declaratory judgment, specific perfor-

mance, and an injunction to prevent reprisals from other inmates, who he alleged were threatening him.

Kleven also contends that Cheatham and Stevens confiscated items of his personal property to verify their ownership, but failed to return them. He also alleged that Cheatham and Stevens were negligent per se in failing to conform with TDCJ's operating procedures.

TDCJ filed an answer and a motion requesting dismissal under TEX. CIV. PRAC. & REM.CODE ANN. § 14.003 (Vernon Supp. 2000). In its Motion to Dismiss, TDCJ contended that it is immune from Kleven's suit under the doctrine of sovereign immunity and that its immunity has not been waived under the Texas Tort Claims Act. Cheatham and Stevens did not file an answer. Without a hearing, the trial court dismissed Kleven's suit against TDCJ as frivolous. In its dismissal order, the trial court recited, "All other relief not hereby granted is otherwise DENIED."

Though neither party has addressed the issue, we must first determine whether we have jurisdiction over this appeal. TDCJ's Motion to Dismiss is essentially a motion for summary judgment because it requested the trial court to rule summarily, as a matter of law, that it had an absolute defense to Kleven's claims. *See Coker v. Cramer Fin. Group, Inc.*, 992 S.W.2d 586, 593 (Tex.App.—Texarkana 1999, no pet.). TDCJ's pleadings and Motion to Dismiss clearly indicate that it was acting on its own behalf, but do not indicate that it was acting on behalf of Cheatham and Stevens. In addition, the trial court's order lists TDCJ as the only defendant, mentions only TDCJ, and does not mention Cheatham or Stevens.

---

**1.** TEX. GOV'T CODE ANN. § 501.007 (Vernon 1998) provides in part:

  [TDCJ] may pay from the miscellaneous funds appropriated to the [institutional] division claims made by inmates housed in facilities operated by [TDCJ] for property lost or

damaged by the [institutional] division.... [TDCJ] may not pay under this section more than $500 on a claim.

**2.** U.S. CONST. amend. V; TEX. CONST. art. I, § 19.

Nevertheless, the Texas Supreme Court has held that inclusion of Mother Hubbard language, i.e., "All other relief not hereby granted is otherwise DENIED," makes the judgment final and appealable.[3] *See Mafrige v. Ross,* 866 S.W.2d 590, 591–92 (Tex.1993); *see also John v. Marshall Health Serv., Inc.,* 12 S.W.3d 888, 890 (Tex.App.—Texarkana 2000, no pet.); *Kaigler v. Gen. Elec. Mortgage Ins. Corp.,* 961 S.W.2d 273, 276 (Tex.App.—Houston [1st Dist.] 1997, no pet.).

◼◼◼ We therefore turn to the merits of Kleven's appeal. We review a dismissal under Chapter 14 of the Civil Practices and Remedies Code using an abuse of discretion standard. *Hickson v. Moya,* 926 S.W.2d 397, 398 (Tex.App.—Waco 1996, no writ). The trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Id.*

Section 14.003 allows a trial court to dismiss a suit filed by an indigent inmate either before or after service of process if the court finds that the claim is frivolous or malicious. TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(a)(2). In determining whether the claim is frivolous or malicious, the court may consider whether (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(b).

◼◼◼ The Texas Supreme Court has expressed doubt concerning whether a trial court may appropriately dismiss a suit only because the claim's realistic chance of ultimate success is slight or because it is clear that the party cannot prove facts in support of the claim. *Johnson v. Lynaugh,* 796 S.W.2d 705, 706–07 (Tex.1990). Practically speaking, therefore, the trial court is limited to determining whether the claim has an arguable basis in law or fact. *Bohannan v. Texas Bd. of Criminal Justice,* 942 S.W.2d 113, 115 (Tex.App.—Austin 1997, writ denied). Where, as here, the trial court dismisses a claim without conducting a fact hearing, we are limited to reviewing only whether the claim had an arguable basis in law. *Sawyer v. Texas Dep't of Criminal Justice,* 983 S.W.2d 310, 311 (Tex.App.—Houston [1st Dist.] 1998, pet. denied); *Leon Springs Gas Co. v. Rest. Equip. Leasing Co.,* 961 S.W.2d 574, 579 (Tex.App.—San Antonio 1997, no pet.); *Bohannan,* 942 S.W.2d at 115; *In re Wilson,* 932 S.W.2d 263, 265 (Tex.App.—El Paso 1996, no writ).

◼◼◼ TDCJ argues that the doctrine of sovereign immunity shields it from liability for negligence claims, except for those claims where sovereign immunity is specifically waived under the Texas Tort Claims

---

**3.** There is a split in the courts of appeals regarding the application of *Mafrige.* Recently, in *Walls v. Prudential Prop. & Cas. Ins. Co.,* No. 05–97–02212–CV, 2000 WL 805220, at *1 (Tex.App.—Dallas June 23, 2000, no pet. h.), the court of appeals refused to dismiss an appeal against two defendants who were granted summary judgment three months before a third defendant was granted summary judgment. The orders granting summary judgment to the two defendants contained Mother Hubbard clauses. *Id.* Nevertheless, the court of appeals held "[a]n order that explicitly grants a summary judgment in favor of less than all the defendants does not clearly evidence an intent to dispose of all claims against all defendants, especially those against whom summary judgment was not sought, regardless of the inclusion of a Mother Hubbard clause." *Id.; see also Rodriguez v. NBC Bank,* 5 S.W.3d 756, 763–64 (Tex. App.—San Antonio 1999, no pet.); *Lowe v. Teator,* 1 S.W.3d 819, 823 (Tex.App.—Dallas 1999, no pet.).

The Texas Supreme Court has granted a petition for review in *Lehmann v. Har–Con Corp.,* 988 S.W.2d 415 (Tex.App.—Houston [14th Dist.] 1999, pet. granted). In *Lehmann,* the court of appeals held that *Mafrige* established a bright line rule making a judgment containing Mother Hubbard language a final judgment for purposes of appeal. *Id.* at 417. The court went on to decry what it perceived as the unfairness of the results of this bright line rule in certain cases. *Id.* at 417–18.

Act. Even if TDCJ is correct, as we read Kleven's petition, he is not claiming that TDCJ is directly or vicariously liable for the loss of his property. Rather, he is arguing that it does not provide meaningful administrative procedures for him to effectuate his right of recovery under Section 501.007 of the Texas Government Code and the constitutions of the United States and Texas. Kleven is contending that TDCJ is depriving him of his right to due process of law. This is not the basis on which TDCJ requested the dismissal. Sovereign immunity does not prevent the assertion of a claim alleging that the State deprived a person of property without due process of law. *Bohannan*, 942 S.W.2d at 118.

The judgment is reversed and remanded for further proceedings.