Richard Allen KLEVEN, II, Appellant,

v.

**TEXAS DEPARTMENT OF
CRIMINAL JUSTICE—
I.D., et al., Appellees.**

No. 06–01–00078–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Sept. 25, 2001.

Decided Feb. 14, 2002.

Reconsideration Denied March 26, 2002.

Richard Allen Kleven II, pro se.

Gerard R. Rawls, Assistant Attorney General, Law Enforcement Defense Division, Austin, for appellees.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

Richard Allen Kleven, II appeals from an adverse summary judgment granted in his suit against the Texas Department of Criminal Justice—Institutional Division (TDCJ). Kleven, an inmate acting pro se, sued the TDCJ and two of its employees, Matthew Cheatham and Gary Stevens, in their individual and official capacities. In his initial petition, Kleven contended the TDCJ was depriving him of his right to compensation under TEX. GOV'T CODE ANN. § 501.007 (Vernon 1998)[1] and under the United States and Texas Constitutions without due process of law.[2] He requested a declaratory judgment, specific performance, and an injunction to prevent reprisals from other inmates, who allegedly were threatening him. Kleven also alleged Cheatham and Stevens took items of his personal property, ostensibly to verify their ownership, but failed to return the property. He further alleged Cheatham and Stevens were negligent per se in failing to conform with TDCJ's operating procedures.

The TDCJ filed a motion to dismiss the suit as frivolous, which the trial court granted. On appeal, we reversed the trial court's judgment, holding that the trial court's basis for granting the dismissal, that the TDCJ is immune from liability for ordinary negligence claims, did not address Kleven's theory of liability, i.e., that the TDCJ failed to provide meaningful administrative procedures for him to receive redress for the loss of his property. *Kleven v. Texas Dep't of Criminal Justice—Institutional Div.*, 35 S.W.3d 112, 114–15 (Tex.App.—Texarkana 2000, no pet.).

After remand, Kleven filed a fourth amended petition in which he contended the TDCJ, Cheatham, and Stevens denied him his right to due process, retaliated against him for initiating this action, and housed him with a person of a different race in violation of his rights.[3] He requested various kinds of monetary and

---

1. TEX. GOV'T CODE ANN. § 501.007 (Vernon 1998) provides in part:

 [TDCJ] may pay from the miscellaneous funds appropriated to the [institutional] division claims made by inmates housed in facilities operated by [TDCJ] for property lost or damaged by the [institutional] division.... [TDCJ] may not pay under this section more than $500 on a claim.

2. U.S. CONST. AMEND. V; TEX. CONST. ART. I, § 19.

3. Kleven's fourth amended petition makes somewhat different claims than his first petition. Under the rules, his fourth petition superseded his other pleadings. TEX.R. CIV. P. 65; *see also Woodruff v. Wright*, 51 S.W.3d 727, 731 (Tex.App.—Texarkana 2001, pet. denied).

equitable relief. The TDCJ moved for summary judgment, contending its administrative procedures for addressing inmate property claims do not violate due process. The trial court granted the TDCJ's motion. Kleven also moved for summary judgment, but the trial court overruled his motion in the same order that granted the TDCJ's motion.

We first consider the TDCJ and Cheatham's motion to dismiss for want of jurisdiction, which we have carried with the case. In their motion, the TDCJ and Cheatham contend the trial court's judgment is not a final judgment. As a general rule, an appeal may be taken only from a final judgment. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001). A judgment that finally disposes of all remaining parties and claims, based on the record in the case, is final regardless of its language. *Id.* at 200. But the language of an order or judgment may make it final, even though it should have been interlocutory, if that language expressly disposes of all claims and all parties. *Id.* The intent to finally dispose of the case must be unequivocally expressed in the words of the order itself. If the intent to dispose of the case is clear from the order, the order is final and appealable, even though the record does not provide an adequate basis for rendition of judgment. A judgment that grants more relief than a party is entitled to is erroneous and subject to reversal, but it is not, for that reason alone, interlocutory.

The TDCJ's motion for summary judgment did not purport to address Kleven's claims against Cheatham and Stevens, and neither Cheatham nor Stevens moved for summary judgment. However, the trial court's order recites:

It is hereby ORDERED that any and all relief sought by the plaintiff ... against ... [TDCJ] ... is hereby DE-NIED and judgment is hereby rendered in favor of ... [TDCJ].

It is further ORDERED that the above-numbered and styled cause of action be DISMISSED WITH PREJUDICE. This is a final judgment and disposes of all issues and parties in this case. All relief not specifically granted herein is DENIED. All motions not previously ruled on are DENIED.

It is clear that the trial court intended its judgment to be final as to all claims and all parties. Thus, we have jurisdiction of this appeal, and we accordingly overrule the TDCJ and Cheatham's motion to dismiss.

It is also clear, in light of the record as a whole, that the trial court's judgment in favor of Cheatham and Stevens was erroneous, because neither party moved for summary judgment. Indeed, the record does not indicate that Stevens filed an answer (though it is not clear that he was served). The appropriate procedure in this case is to review the judgment granted in favor of the TDCJ, and if it was proper, affirm the trial court's judgment in part, reverse in part, and remand for further proceedings. *Bandera Elec. Co-op., Inc. v. Gilchrist*, 946 S.W.2d 336, 336 (Tex. 1997).

We therefore turn to the merits of Kleven's appeal. Kleven first contends the TDCJ's motion for summary judgment contained incompetent summary judgment proof. The TDCJ attached to its motion two exhibits: the affidavit of S. Allen, a sergeant at the Barry Telford Unit (Exhibit 1), and a copy of the TDCJ's operations manual pertaining to offender grievances (Exhibit 2). Allen's affidavit refers to two attachments: Administrative Directive (AD) 3.78 (Attachment A), and a redacted copy of two completed, written investigations of two inmate property claims (At-

tachment B). Kleven contends that the TDCJ failed to include Attachment A, the copy of AD 3.78, in its motion for summary judgment. He also contends the documents in Attachment B, the written reports of investigations of inmate property claims, are unauthenticated. He further contends that the TDCJ's Exhibit 2, the copy of its operations manual, is unauthenticated.

There is no difference between the standards for admissibility of evidence in a summary judgment proceeding and those applicable at a regular trial. *United Blood Servs. v. Longoria*, 938 S.W.2d 29, 30 (Tex.1997). Thus, copies of documents must be authenticated in order to constitute competent summary judgment evidence. *See Republic Nat'l Leasing Corp. v. Schindler*, 717 S.W.2d 606, 607 (Tex. 1986) (citing *Zarges v. Bevan*, 652 S.W.2d 368, 369 (Tex.1983), and *Life Ins. Co. of Virginia v. Gar–Dal, Inc.*, 570 S.W.2d 378, 380 (Tex.1978)). A properly sworn affidavit stating that the attached documents are true and correct copies of the originals authenticates the copies so they may be considered as summary judgment evidence. *Republic Nat'l Leasing Corp. v. Schindler*, 717 S.W.2d at 607; *Columbia Rio Grande Reg'l Hosp. v. Stover*, 17 S.W.3d 387, 396 (Tex.App.—Corpus Christi 2000, no pet.); *see also* TEX.R. EVID. 901(b)(1).

When affidavits are used as summary judgment proof, Rule 166a(f) of the Texas Rules of Civil Procedure requires they be made on personal knowledge, set forth facts that would be admissible in evidence, and affirmatively show that the affiant is competent to testify about the matters contained in the affidavit. TEX.R. CIV. P. 166a(f). "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." *Id.*

The failure to attach copies of documents referred to in the affidavit renders the affidavit a nullity. *Langdeau v. Dick*, 356 S.W.2d 945, 957 (Tex.Civ.App.—Austin 1962, writ ref'd n.r.e.). In *Rodriquez v. Texas Farmers Ins. Co.*, 903 S.W.2d 499, 505–06 (Tex.App.—Amarillo 1995, writ denied), the court of appeals upheld the trial court's exclusion of the defendants' affidavit in support of their response to the plaintiff's motion for summary judgment where the affiant relied on documents that were not attached to the affidavit.

The TDCJ failed to attach a sworn or certified copy of AD 3.78 to Allen's affidavit. Also, Allen's affidavit did not swear that the copy of AD 3.78 attached to the affidavit was a true and correct copy. Further, the copies of the written investigations of offender property claims attached to Allen's affidavit are not certified, and Allen does not state that those documents are true and correct copies of the originals. In addition, the copy of the TDCJ's operations manual related to offender grievances, which it attached as Exhibit 2 to its motion for summary judgment, is not certified or sworn, and Allen does not swear in his affidavit that the copy is a true and correct copy. Thus, Kleven is correct that the TDCJ's summary judgment evidence is incompetent.

The TDCJ contends Kleven waived this issue because he failed to raise it in his response to the TDCJ's motion for summary judgment. "Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend." TEX.R. CIV. P. 166a(f). Here, however, the record shows that Kleven filed written objections to the TDCJ's motion in which he complained of these defects and requested written rulings. The trial court overruled his objections when it

**346**

granted the TDCJ's motion for summary judgment.

The TDCJ contends it was entitled to summary judgment because the process it uses to resolve inmate property claims comports with the requirements of due process. Nevertheless, the TDCJ failed to properly authenticate the copies showing its administrative procedures relating to inmate property, so it was not entitled to summary judgment on that issue.

 Kleven contends the trial court erred in overruling his motion for summary judgment against the TDCJ and Cheatham. As summary judgment proof, Kleven attached his unsworn declaration,[4] which gives an account of the events that transpired, including the seizing of his property and his pursuit of the grievance process. An affidavit of an interested party may serve as competent summary judgment proof so long as such affidavit evidence is clear, positive, direct, credible, free from contradiction, and susceptible of being readily controverted. *Haynes v. City of Beaumont*, 35 S.W.3d 166, 178 (Tex.App.—Texarkana 2000, no pet.) (op. on reh'g). Kleven's affidavit relies extensively on hearsay; however, the defendants did not file written objections and obtain a ruling, so any hearsay objection is waived. *Wiggins v. Overstreet*, 962 S.W.2d 198, 201 (Tex.App.—Houston [14th Dist.] 1998, pet. denied); *El Paso Assoc. v. J.R. Thurman & Co.*, 786 S.W.2d 17, 19 (Tex. App.—El Paso 1990, no writ).

 Further, the TDCJ did not file a response to Kleven's motion for summary judgment. If the nonmovant fails to respond to the summary judgment motion with evidence raising a fact issue that would preclude summary judgment, the nonmovant may not contend on appeal that there is a disputed issue of material fact. *Haynes v. City of Beaumont*, 35 S.W.3d at 174. However, the trial court may not grant summary judgment by default when the movant's summary judgment proof is legally insufficient. The only ground for reversal the nonmovant may assert on appeal is the legal insufficiency of the motion for summary judgment and the supporting proof.

 Any person who, under color of law, subjects or causes to be subjected any citizen to the deprivation of rights, privileges, or immunities secured by the United States Constitution or federal law is liable for redress in an action at law, a suit in equity, or another proper proceeding. 42 U.S.C.A. § 1983 (West 1994). Kleven contends his unrefuted summary judgment proof establishes as a matter of law that Cheatham did not follow the TDCJ's procedures for inventorying and returning his property; that the TDCJ's procedures for him to seek redress for the loss of his property are a sham; that the TDCJ retaliated against him for pursuing this action; and that the TDCJ was required to house him with members of his own race, but failed to do so.

 The trial court did not err in refusing to grant summary judgment with respect to Kleven's claims against the TDCJ and Cheatham in his official capacity. Neither a state nor its officials acting in their official capacities are "persons" for

4. TEX. CIV. PRAC. & REM.CODE ANN. § 132.001(a) (Vernon 1997) provides:
 Except as provided by Subsection (b), an unsworn declaration made as provided by this chapter by an inmate in the Texas Department of Corrections or in a county jail may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law.

purposes of Section 1983.[5] *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63, 109 S.Ct. 2304, 105 L.Ed.2d 45, 53 (1989); *Harrison v. Texas Dep't of Criminal Justice—Institutional Div.,* 915 S.W.2d 882, 889 (Tex.App.—Houston [1st Dist.] 1995, no writ). In addition, the trial court did not err in refusing to grant summary judgment with respect to Kleven's claims against Cheatham in his individual capacity, as Kleven failed to negate Cheatham's qualified immunity defense, which Cheatham raised in his answer. Therefore, Kleven has not shown himself entitled to summary judgment.

We affirm the trial court's judgment denying Kleven's motion for summary judgment. We reverse the summary judgment for the TDCJ, Cheatham, and Stevens and remand the cause to the trial court for further proceedings.

---

**5.** A plaintiff can maintain a cause of action for injunctive relief against a state official acting on his or her official capacity. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 n. 10, 109 S.Ct. 2304, 105 L.Ed.2d 45, 58 n. 10 (1989); *see also Kentucky v. Graham,* 473 U.S. 159, 169 n. 18, 105 S.Ct. 3099, 87 L.Ed.2d 114, 124 n. 18 (1985). However, in his fourth amended petition, Kleven did not request injunctive relief against Cheatham.