IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00128-CV

 

Ace American Insurance Company,

                                                                      Appellant

 v.

 

John R. Sprouse,

                                                                      Appellee

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 04-003187-CV-361

 



ABATEMENT FOR MEDIATION ORDER










 

      Appellant, Ace American Insurance Company,
noted in its docketing statement filed on May 1, 2007 that this appeal may be
appropriate for mediation, a form of alternative dispute resolution.

          The Legislature has provided for the
resolution of disputes through alternative dispute resolution (ADR)
procedures.  See Tex. Civ. Prac.
& Rem. Code Ann. §§ 154.001-154.073 (Vernon 2005).  The policy
behind ADR is stated in the statute: “It is the policy of this state to
encourage the peaceable resolution of disputes . . . and the early settlement
of pending litigation through voluntary settlement procedures.”  Id. § 154.002 (Vernon 2005).  Mediation is a form of ADR.  Mediation is a mandatory
but non-binding settlement conference, conducted with the assistance of a
mediator.  Mediation is private, confidential, and privileged.

      We find that this appeal is appropriate
for mediation.  See id. § 154.021(a) (Vernon 2005); 10th Tex. App. (Waco) Loc. R. 9.

      The parties are ordered to confer and
attempt to agree upon a mediator.  Within fourteen days after the date of this
Order, Appellant is ordered to file a notice with the Clerk of this Court which
either identifies the agreed-upon mediator or states that the parties are
unable to agree upon a mediator.  If the notice states that the parties are
unable to agree upon a mediator, this Court will assign a mediator.

      Mediation must occur within thirty days
after the date the above-referenced notice agreeing to a mediator is filed or,
if no mediator is agreed upon, within thirty days after the date of the order
assigning a mediator.

      Before the first scheduled mediation
session, each party must provide the mediator and all other parties with an
information sheet setting forth the party’s positions about the issues that
need to be resolved.  At or before the first session, all parties must produce
all information necessary for the mediator to understand the issues presented. 
The mediator may require any party to supplement the information required by
this Order.

      Named parties must be present during the
entire mediation process, and each corporate party must be represented by a
corporate employee, officer, or agent with authority to bind the corporate
party to settlement.

      Immediately after mediation, the mediator
must advise this Court, in writing, only that the case did or did not settle
and the amount of the mediator’s fee paid by each party.  The mediator’s fees
will be taxed as costs.  Unless the mediator agrees to mediate without fee, the
mediator must negotiate a reasonable fee with the parties, and the parties must
each pay one-half of the agreed-upon fee directly to the mediator.

      Failure or refusal to attend the mediation
as scheduled may result in the imposition of sanctions, as permitted by law.  

      Any objection to this Order must be filed
with this Court and served upon all parties within ten days after the date of
this Order, or it is waived.

      We
abate this appeal for mediation. 

PER
CURIAM

Before
Chief Justice Gray,

      Justice
Vance, and

      Justice
Reyna

Appeal
abated

Order
issued and filed May 9, 2007

Do
not publish






violated Section
102.004(a) of the Texas Family Code by placing C.S. with her maternal great
aunt and uncle, who are not within the third degree of consanguinity”; and (2)
their niece (the child’s mother) voluntarily relinquished her parental rights.

            The version of section 102.004(a)
potentially applicable to this case confers standing on a grandparent to “file
an original suit requesting managing conservatorship” under the circumstances
provided by the statute.  Act of May 29, 2005, 79th Leg., R.S., ch. 916, § 3,
2005 Tex. Gen. Laws 3148, 3149 (amended 2007) (current version at Tex. Fam. Code Ann. § 102.004(a) (Vernon Supp. 2007)).  The 2007 amendment extended this standing to “another relative of the
child related within the third degree by consanguinity.”  Act of May 28, 2007,
80th Leg., R.S., ch. 1406, § 2, 2007 Tex. Gen. Laws 4814, 4815.  This amendment
applies “only to an original suit affecting the parent-child relationship filed
on or after the effective date of this Act,” which was September 1, 2007.[4]
 Id., ch. 1406, § 55, 2007 Tex. Gen. Laws at 4834.

            Section 102.004 addresses only the
standing of a grandparent or other relative to file an original suit.[5] 
Here, Appellees have not filed an original suit affecting the parent-child
relationship.  Instead, the Department instituted these proceedings under Title
5, Subtitle E of the Family Code, which authorizes State intervention in cases
of abuse or neglect.  Thus, Appellees were identified as relative caregivers
under section 262.114 of the Family Code, and the child was placed in their
care.  See Tex. Fam. Code Ann.
§ 262.114 (Vernon Supp. 2007).

            Unlike the limitations of section
102.004, a relative caregiver under section 262.114 is not limited to a
grandparent or other relative within the third degree of consanguinity and is
defined by section 264.751.  Id. § 262.114(a) (directing Department to
identify potential relative caregivers “as defined by Section 264.751”). 
Section 264.751(2) defines a “relative” as “a person related to a child by
consanguinity as determined under Section 573.022, Government Code.”  Id. § 264.751(2) (Vernon Supp. 2007).  Section 573.022 provides in pertinent part, “Two
individuals are related to each other by consanguinity if: (1) one is a
descendant of the other; or (2) they share a common ancestor.”  Tex. Gov’t Code Ann. § 573.022(a)
(Vernon 2004).

            Because Appellees have not filed an
original suit affecting the parent-child relationship and because they were
properly identified as relative caregivers by the Department and appointed as
joint managing conservators in the termination proceedings instituted by the
Department, the standing provisions of section 102.004 do not apply here.

            Section 102.006 potentially governs
the second aspect of James’s standing argument.  Subsection (a)(3) of that
statute provides in essence that the relative of a parent whose parental rights
have been terminated may not file “an original suit” for custody of the child
if there is another living parent whose rights have not been terminated.  Act
of May 25, 2001, 77th Leg., R.S., ch. 821, § 2.08, 2001 Tex. Gen. Laws 1610,
1637 (amended 2007) (current version at Tex.
Fam. Code Ann. § 102.006(a)(3) (Vernon Supp. 2007)).  However,
subsection (b) provides an exception to this rule of standing for a person who
“has a continuing right to possession of or access to the child under an
existing court order.”  Tex. Fam. Code
Ann. § 102.006(b) (Vernon Supp. 2007).

            James’s complaint that Appellees lack
“standing” under section 102.006 because the mother voluntarily relinquished
her parental rights is without merit.  As with section 102.004, section 102.006
does not apply because Appellees have not filed “an original suit” affecting
the parent-child relationship.  Moreover, even if they had filed an original
suit, they would have standing under subsection (b) because they have custody
of the child “under an existing court order.”  Id.

            Accordingly, we overrule James’s first
issue.

Notice

            James contends in his second issue
that the court erred by dismissing his suit because he did not receive adequate
notice of the hearing on Appellees’ motion.  In particular, James argues that
he was entitled to: (1) twenty-one days’ notice as provided by Rule of Civil
Procedure 166a(c) because Appellees’ dismissal motion is like a
summary-judgment motion; or (2) at least six days’ notice as provided by Rules
of Civil Procedure 21 and 21a.  See Tex.
R. Civ. P. 21, 21a, 166a(c).

            As James suggests, the Rules of Civil
Procedure apply to modification proceedings under Chapter 156 of the Family
Code.  See Tex. Fam. Code Ann.
§ 156.004 (Vernon 2002).

Rule 166a(c)

            James argues that Appellees’ dismissal
motion “is in essence a ‘no-evidence’ summary-judgment [sic] because it seeks
to dismiss [his] case on the contention that the affidavits do not present
adequate facts to proceed to a factual hearing.”  He cites Kleven v. Texas
Department of Criminal Justice to support his position.  35 S.W.3d 112 (Tex. App.—Texarkana 2000, no pet.).  Because Rule of Civil Procedure 166a(c) provides that
a non-movant is entitled to at least twenty-one days’ notice before a
summary-judgment hearing, James contends that he too should have received
twenty-one days’ notice of the hearing on Appellees’ dismissal motion.  See
Tex. R. Civ. P. 166a(c).

            In Kleven, the Texarkana Court reviewed a trial court’s dismissal of an inmate suit as frivolous under
section 14.003 of the Civil Practice and Remedies Code.  Id. at 113; see
Tex. Civ. Prac. & Rem. Code Ann.
§ 14.003 (Vernon 2002).  As with James’s case, the trial court in Kleven
granted TDCJ’s motion to dismiss the suit without a hearing.  Kleven, 35
S.W.3d at 113.  In reviewing this decision, the court did characterize the
motion to dismiss as “essentially a motion for summary judgment.”  Id.  However, the court did not in any way attempt to apply the notice requirements
of Rule 166a to a dismissal motion under section 14.003 of the Civil Practice
and Remedies Code.

            The Supreme Court has addressed a
similar issue in the context of a plea to the jurisdiction.  In Texas Department of Parks & Wildlife v. Miranda, the Court discussed the
standard of review applicable to a plea to the jurisdiction and concluded that
the applicable standard “generally mirrors that of a summary judgment under
[Rule 166a(c)].”  133 S.W.3d 217, 225-28 (Tex. 2004).  However, the Court expressly
rejected the dissent’s position that a plaintiff should have twenty-one days
notice to respond to a plea to the jurisdiction.  Id. at 228-29; see
also id. at 236 (Jefferson, J., dissenting) (“At a minimum, I would hold
that if a summary judgment standard applies, the trial court must so advise the
parties and employ Rule 166a procedures.”).

            Therefore, following Miranda,
we hold that a party is not entitled to twenty-one days’ notice to respond to a
dismissal motion under section 156.102(c).

Rule 21

            James also contends that he was
entitled to at least six days’ notice of the hearing under Rules of Civil
Procedure 21 and 21a.

            Rule 21 provides in pertinent part:

            An application to the court for an
order and notice of any hearing thereon, not presented during a hearing or
trial, shall be served upon all other parties not less than three days before
the time specified for the hearing unless otherwise provided by these rules or
shortened by the court.

 

Tex. R. Civ. P. 21.

            Rule 21a provides in pertinent part:

Whenever a party has the right or is required to
do some act within a prescribed period after the service of a notice or other
paper upon him and the notice or paper is served upon by mail or by telephonic
document transfer, three days shall be added to the prescribed period.

 

Id.
21a.

            Reading these rules together, a party
is ordinarily entitled to six days’ notice of a hearing when he is served with
notice of hearing via facsimile or mail.  See Buruato v. Mercy Hosp. of Laredo, 2 S.W.3d 385, 387 (Tex. App.—San Antonio 1999, pet. denied).  However, Rule 21
permits a trial court to shorten the length of notice.  Tex. R. Civ. P. 21; In re K.A.R., 171 S.W.3d 705,
713 (Tex. App.—Houston [14th Dist.] 2005, no pet.); Buruato, 2 S.W.3d at
387.  We review a court’s decision to do so under an abuse-of-discretion
standard.  See K.A.R., 171 S.W.3d at 713; Buruato, 2 S.W.3d at
387.

            Here, Appellees did not file their
dismissal motion or the accompanying notice of hearing until August 6.  They
served James by facsimile on the same date.  The hearing was conducted on the
dismissal motion on August 8, over James’s objection.

            Although James had only two days’
notice from the date of filing, Appellees also note that they informed James by
facsimile dated July 30 that they would be filing their dismissal motion on
August 6 and that it would be heard on August 22.  Thus, James had additional
notice of Appellees’ intention to seek a dismissal of his suit.

            Appellate courts have generally
discouraged trial courts from shortening the applicable notice periods for
hearings which result in a dismissal of a plaintiff’s suit.  See, e.g.,
Kuykendall v. Spicer, 643 S.W.2d 776,778 (Tex. App.—San Antonio 1982, no
writ).  Here, however, James had additional notice that Appellees intended to
seek dismissal.  In addition, the trial court’s decision was based solely on
the facts stated in the supporting affidavits, and James has yet to identify
any additional facts which he contends would change the outcome.  Accordingly,
we cannot say that the court abused its discretion by shortening the applicable
notice period.  See K.A.R., 171 S.W.3d at 713; Buruato, 2 S.W.3d at
388.

            Thus, we overrule James’s second
issue.

Special Exceptions

            James contends as part of his fourth
issue that the court erred by dismissing his suit because Appellees did not
specially except to the adequacy of his motion to modify. 

            “A special exception is the proper
vehicle to challenge a pleading on the basis that ‘though there is a legal rule
which might be applicable, the petition omits one or more allegations essential
to bring plaintiff’s claim within its scope.’”  Godley Indep. Sch. Dist. v.
Woods, 21 S.W.3d 656, 660 (Tex. App.—Waco 2000, pet. denied) (quoting Fernandez
v. City of El Paso, 876 S.W.2d 370, 372 (Tex. App.—El Paso 1993, writ
denied)); 2 Roy W. McDonald & Elaine
A. Grafton Carlson, Texas Civil Practice § 9:25 (2d ed. 2002); see
also Tex. R. Civ. P. 91
(governing special exceptions).  However, because of the unique provisions of
section 156.102(c), we hold that the rule regarding special exceptions does not
apply.

            Section 156.102(c) provides: 

            The court shall deny the relief sought
and refuse to schedule a hearing for modification under this section unless the
court determines, on the basis of the affidavit, that facts adequate to support
an allegation listed in Subsection (b) are stated in the affidavit.  If the
court determines that the facts stated are adequate to support an allegation,
the court shall set a time and place for the hearing.

 

Tex. Fam. Code Ann. § 156.102(c) (Vernon Supp. 2007).  This statute
permits a denial of relief (or dismissal) without any advance notice to the
litigants, solely from the trial court’s review of the pleadings.  Thus, this
statute is similar to sections 13.001 and 14.003 of the Civil Practice and
Remedies Code which permit a trial court to dismiss an inmate suit “either
before or after service of process” and without a hearing.  See Tex. Civ. Prac. & Rem. Code Ann. §§
13.001, 14.003 (Vernon 2002).

            The Fourteenth Court has concluded
that the rule regarding special exceptions does not apply to suits dismissed
under section 13.001.  “It is our determination that since an in forma pauperis
action can be dismissed at any time, either before or after service of process,
Tex. Civ. Prac. & Rem. Code §
13.001(c), the trial court’s dismissal power should take precedence over the
rule regarding special exceptions.”  Johnson v. Peterson, 799 S.W.2d 345,
347 (Tex. App.—Houston [14th Dist.] 1990, no writ).  We hold that the same rule
applies to dismissals under section 156.102(c).  Accordingly, we overrule
James’s fourth issue insofar as it complains that the court erred by dismissing
his suit because Appellees did not specially except to the adequacy of his
pleadings.

Affidavits

            James contends in his third issue that
the court erred by dismissing his suit because his supporting affidavits
contain more than a scintilla of evidence to satisfy the requirements of
section 156.102.  He argues that a dismissal motion under subsection (c) of
this statute is in effect a no-evidence summary-judgment motion because it
permits a denial of relief on the basis of the pleadings.

            We agree that the effect of Appellees’
dismissal motion is similar to that of a no-evidence summary-judgment motion. 
However, there are a number of dispositive pretrial pleadings which can be
filed in a civil suit and accomplish a similar result.  Thus, we do not agree
that the filing of a motion challenging the adequacy of affidavits under
subsection (c) necessarily invokes the procedural requirements attendant to a
no-evidence summary-judgment motion.

            Rather, subsection (c) requires a
trial court to examine any affidavit a movant has tendered in support of the
motion to modify and determine whether the affidavit states “facts adequate to
support an allegation listed in Subsection (b).”  See Tex. Fam. Code Ann. § 156.102(c).  Because
subsection (c) focuses on the adequacy of the movant’s pleadings,[6]
it is more akin to a plea to the jurisdiction than to a summary-judgment motion. 
Thus, we will employ the standard of review applicable when reviewing a ruling
granting a plea to the jurisdiction which challenges the plaintiff’s pleadings.

            “When a plea to the jurisdiction
challenges the pleadings, we determine if the pleader has alleged facts that
affirmatively demonstrate the court’s jurisdiction to hear the cause.  We
construe the pleadings liberally in favor of the plaintiffs and look to the
pleaders’ intent.”  Miranda, 133 S.W.3d at 226 (citation omitted); accord
Johnson v. Johnson County, 251 S.W.3d 107, 109 (Tex. App.—Waco 2008, pet.
denied).  We take as true all factual allegations favorable to the plaintiff. 
We indulge every reasonable inference and resolve any doubts in the plaintiff’s
favor.  See Miranda, 133 S.W.3d at 228; Johnson, 251 S.W.3d at
109.

            Applying this same standard under
subsection (c), we construe the pleadings liberally in favor of the movant and take
as true all factual allegations favorable to the movant.  We look to the movant’s
intent to determine if the affidavit states facts that support an allegation
listed in Subsection (b).

            Because Appellees are not seeking or
consenting to any modification, because they have not relinquished custody of
C.S., and because James does not allege any danger to C.S.’s physical health,
the only issue is whether the affidavits contain “supporting facts” to sustain
an allegation that “the child’s present environment may  .  .  .  significantly
impair the child’s emotional development.”  See Tex. Fam. Code Ann. § 156.102(b)(1) (Vernon Supp. 2007).

            We begin by considering the
legislative purpose for section 156.102.

            The philosophical underpinning of
section 156.102 is clear: the Legislature intended to promote stability in the
conservatorship of children of divorced parents.  To that end, relitigation of
custodial issues within a short period of time after the custody order is
discouraged through the imposition of a heightened standard of verified
pleading.  Public policy disfavors disruption of custodial arrangements within
the first year, except in cases in which the child’s physical health or emotional
development is imperiled.

 

Burkhart v. Burkhart, 960 S.W.2d 321, 323 (Tex. App.—Houston [1st
Dist.] 1997, pet. denied).

            James alleges in his amended motion to
modify that modification of the prior order is in the child’s best interest
because: (1) the prior order does not conform to the mediated settlement
agreement; (2) he has been deprived of access to his child because of
Appellees’ “wrongful acts”; (3) Appellees have refused to give him
documentation of medical expenses; (4) Appellees refused to revise visitation
days so he could take a better paying job; and (5) Appellees made disparaging
remarks about him in front of the child, “the contents of which statements potentially
constitute emotional abuse of the child by promoting parental alienation.” 
James supported his motion with affidavits signed by himself, and by the
child’s godfather and godmother.

            The first four grounds stated do not
constitute allegations that “the child’s present environment may  .  .  .  significantly
impair the child’s emotional development.”  See Tex. Fam. Code Ann. § 156.102(b)(1); Burkhart, 960
S.W.2d at 323-24; Graves v. Graves, 916 S.W.2d 65, 69 (Tex. App.—Houston
[1st Dist.] 1996, no writ).  Thus, we limit our review to James’s allegation
that Appellees have made statements and engaged in conduct which “potentially
constitute emotional abuse of the child by promoting parental alienation.”

            James supports this allegation in his
affidavit by stating: (1) C.S. has at least twice called him by name and told
him “you are not my daddy” and that she is not supposed to call him her father;
(2) C.S. has referred to her great-uncle as her “daddy” and told James that
“her ‘daddy’ was going to put [him] in jail”; (3) C.S. has told him that her
last name is the same as Appellees’; and (4) Appellees “follow behind my
daughter and me, about five feet away, throughout the visitation at
Chuckie-Cheese’s.  I cannot sufficiently bond with my daughter with the
constant interference, such that the actions of [Appellees] clearly are part of
a pattern of parental alienation.”  The affidavits of C.S.’s godfather and
godmother generally corroborate various aspects of these factual assertions.

            Taking these allegations as true and
viewing them in the light most favorable to James, they do indicate “a pattern
of parental alienation.”  This is similar to one of the factual allegations
presented in Burkhart.  There, the mother, who had the exclusive right
to determine the child’s legal residence, moved to California.  See Burkhart,
960 S.W.2d at 322.  The father alleged in his supporting affidavit, “[my
ex-wife] has since moved to California, in essence denying me my rightful
visitation with my child, and I believe that it is important that I have
significant contact with the child for his proper development.”  Id. at 323-24.  However, the trial and appellate courts found this claim inadequate.

Equally inadequate is his contention that the
removal of the child to California deprives him of significant contact
important to the child’s proper development.  The decree gave the mother the
right to determine the domicile of the child.  In view of the heightened
standards for a modification hearing within one year of a custodial order, an
affiant must state concrete facts that clearly demonstrate that extraordinary
relief is appropriate.  The father did not meet that standard.

 

Id. at
324.

            The same result obtained in Graves where the movant alleged that the respondent’s boyfriend had “denied me
access to [my] child” and “threatened me with bodily harm.”  See Graves, 916 S.W.2d at 69.

            By contrast, the movant in Mobley
v. Mobley included with her affidavit the report of a clinical psychologist
who explained how the respondent’s anticipated move to the Republic of Panama could significantly impair the child’s emotional development.  See Mobley
v. Mobley, 684 S.W.2d 226, 229-30 (Tex. App.—Fort Worth 1985, writ dism’d).

            Consistent with Burkhart and Graves, we hold as a matter of law that the factual allegations in James’s
supporting affidavits do not state “facts adequate to support an allegation”
that “the child’s present environment may  .  .  .  significantly impair the
child’s emotional development.”  See Tex.
Fam. Code Ann. § 156.102(b)(1), (c); Burkhart, 960 S.W.2d at 324;
 Graves, 916 S.W.2d at 69.  Accordingly, we overrule James’s third
issue.

Dismissal with Prejudice

            James also contends in his fourth
issue that the court erred by dismissing his suit “with prejudice.”

            A dismissal with prejudice is an
adjudication on the merits.  Ritchey v. Vasquez, 986 S.W.2d 611, 612 (Tex. 1999) (per curiam); Hickman v. Adams, 35 S.W.3d 120, 124 (Tex. App.—Houston [14 Dist.] 2000, no pet.).  “Thus, orders dismissing cases with prejudice have full
res judicata and collateral estoppel effect, barring subsequent relitigation of
the same causes of action or issues between the same parties.”  Hickman,
35 S.W.3d at 124 (citing Barr v. Resolution Trust Corp., 837 S.W.2d 627,
630-31 (Tex. 1992)) (other citations omitted).

            Again, drawing parallels to inmate
litigation, Texas appellate courts have routinely held that the dismissal of an
inmate suit for failure to comply with the requirements of Chapter 14 of the
Civil Practice and Remedies Code should not be “with prejudice” because it is
not a decision on the merits and because the pleading deficiency can be
remedied.  See, e.g., Decker v. Dunbar, 200 S.W.3d 807, 812-13 (Tex.
App.—Texarkana 2006, pet. denied); Williams v. Tex. Dep’t of Criminal
Justice, 176 S.W.3d 590, 594 (Tex. App.—Tyler 2005, pet. denied); Thomas
v. Knight, 52 S.W.3d 292, 295-96 (Tex. App.—Corpus Christi 2001, pet.
denied); Hickman, 35 S.W.3d at 124-25.  The same rule should apply to a
dismissal under section 156.102(c) of the Family Code.

            Therefore, we sustain this aspect of
James’s fourth issue.

Conclusion

We modify the judgment by deleting the phrase
“with prejudice.”  See Decker, 200 S.W.3d at 813; Williams, 176
S.W.3d at 594-95; Thomas, 52 S.W.3d at 296; Hickman, 35 S.W.3d at
125.  We affirm the judgment as modified.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray dissenting in part with note)*

Affirmed as modified

Opinion delivered and
filed July 30, 2008

[CV06]

*           (“Chief
Justice Gray would affirm the trial court’s judgment without modification.  To
the extent the court modifies the trial court’s judgment before affirming it,
he dissents.  A separate opinion will not issue.  He notes, however, that the
Court’s holding encourages needless repetition of this proceeding based only on
these facts without the benefits of the defenses of collateral estoppel and res
judicata.”)

 

            

 

            









[1]
              Although Appellant’s brief
includes only four issues in the statement of issues presented, we construe his
“fourth issue” to include two distinct sub-issues.





[2]
              To protect the identity of the
child who is the subject of this suit, we shall refer hereinafter to Appellees
individually by the pseudonyms “David” and “Rebecca“ or collectively as
Appellees.  See Tex. Fam. Code
Ann. § 109.002(d) (Vernon 2002).

 





[3]
              We refer hereinafter to
Appellant by the pseudonym “James.”  Id.





[4]
              Thus, even assuming section
102.004 applied to James’s suit, the 2007 amendment would not apply because
James filed his motion to modify nearly four months before this amendment took
effect.  See Act of May 28, 2007, 80th Leg., R.S., ch. 1406, § 55, 2007 Tex. Gen. Laws 4814, 4834.

 





[5]
              This is also consistent with
the traditional notion of “standing” as a legal principle which determines whether
a plaintiff or petitioner has a sufficient justiciable interest
to file a lawsuit and obtain judicial relief.  See, e.g., Austin Nursing
Ctr., Inc. v. Lovato, 171 S.W.3d 845, 848 (Tex. 2005) (“A plaintiff must
have both standing and capacity to bring a lawsuit.”) (emphasis added); see
also Black’s Law Dictionary
1442 (8th ed. 2004) (defining “standing” as “[a] party’s right to make a legal
claim or seek judicial enforcement of a duty or right”).





[6]
              Because the focus is on the
pleadings, we disagree with those courts which have applied an
abuse-of-discretion standard.  See, e.g., Burkhart v. Burkhart, 960
S.W.2d 321, 323 (Tex. App.—Houston [1st Dist.] 1997, pet. denied).  De novo
review is appropriate in a case such as this because the trial court is in no
better position that the appellate court to evaluate the written pleadings.  Cf.
Tex. Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004)
(“Whether a pleader has alleged facts that affirmatively demonstrate a trial
court’s subject matter jurisdiction is a question of law reviewed de novo.”);
Turner v. Zellers, 232 S.W.3d 414, 418 (Tex. App.—Dallas 2007, no pet.)
(“we examine pleadings de novo to determine whether they state a cognizable
cause of action”).