# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00786-CV

In re Nanelle Serio

ORIGINAL PROCEEDING FROM BELL COUNTY

M E M O R A N D U M   O P I N I O N

Relator Nanelle Serio filed a petition for writ of mandamus and motion for emergency relief challenging the district court's temporary order that requires her to re-enroll her two children in school in Killeen, Texas, a city where neither parent presently resides. Serio contends that the order violated section 156.006(b) of the Texas Family Code because it had the effect of changing her designation in the final divorce decree as the parent with the exclusive right to designate the children's primary residence while suit for modification of the decree was pending. We will conditionally grant the writ.

Serio's ex-husband, Donald Joseph Gebert III, is the respondent in the underlying suit to modify the parent-child relationship. He filed a "Motion for Further Temporary Orders" arguing that Serio violated their divorce decree by moving the children from Killeen to Anna, Texas,[1] without providing the requisite sixty days' advance notice of her intended change of residence. After a hearing, at which Serio failed to appear, the court granted Gebert's motion and issued the

---

[1] Anna is almost 200 miles north-northeast of Killeen by road. The record reflects that Gebert resides in Pflugerville, Texas, about 60 miles south-southeast of Killeen by road.

complained-of order "for the safety and welfare and best interest of the children."  Serio then filed

this petition for writ of mandamus.

To obtain mandamus relief, a relator must show that the trial court clearly abused

its discretion and that relator has no adequate remedy by appeal.  *In re Southwestern Bell Tel. Co.,*

*L.P.*, 226 S.W.3d 400, 403 (Tex. 2007) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*,

148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding)).  Because a trial court's temporary orders

are not appealable, mandamus is an appropriate way to challenge them.  *See In re Derzapf*,

219 S.W.3d 327, 334-35 (Tex. 2007) (orig. proceeding).  Thus, the remaining consideration is

whether the court's issuance of the temporary order was an abuse of discretion under section

156.006(b) of the Texas Family Code.

Section 156.006(b) provides:

(b)  While a suit for modification is pending, the court may not render a temporary
order that has the effect of changing the designation of the person who has the
exclusive right to designate the primary residence of the child under the final order
unless the temporary order is in the best interest of the child and:

(1)     the order is necessary because *the child's present circumstances
would significantly impair the child's physical health or emotional
development*;

(2)     the person designated in the final order has voluntarily relinquished
the primary care and possession of the child for more than six
months; or

(3)     the child is 12 years of age or older and has expressed to the court in
chambers as provided by Section 153.009 the name of the person who
is the child's preference to have the exclusive right to designate the
primary residence of the child.

Tex. Fam. Code § 156.006(b) (emphasis added).  Although the order expressly affects only the

school the children attend, Gebert acknowledges that the court's temporary order effectively deprives

2

Serio of any discretion inherent in her right to determine their children's primary residence, which correspondingly has the effect of changing her designation as the person with the exclusive right to designate the children's primary residence. *See In re Levay*, 179 S.W.3d 93, 96 (Tex. App.—San Antonio 2005, orig. proceeding); *In re Ostrofsky*, 112 S.W.3d 925, 929 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding). However, he contends that the exception in the first subsection—concerning orders necessary because the child's present circumstances would significantly impair the child's physical health or emotional development—applies here. The court did not make explicit findings tracking section 156.006(b)(1), but Gebert contends that findings that the children's "present circumstances would significantly impair [their] emotional development" may be implied from the court's ruling that Serio had engaged in behavior designed to alienate the children from him and prevent them from having an ongoing relationship with him.

Texas courts have recognized that the "significant impairment" standard in section 156.006(b)(1) is a high one, *see In re Payne*, No. 10-11-00402-CV, 2011 Tex. App. LEXIS 9611, at *6 (Tex. App.—Waco Dec. 2, 2011, orig. proceeding), requiring evidence of bad acts that are more grave than violation of a divorce decree or alienation of a child from a parent, *see In re C.S.*, 264 S.W.3d 864, 874-75 (Tex. App.—Waco 2008, no pet.) (allegations indicating pattern of parental alienation were insufficient to support finding that children's present environment might endanger their physical health or significantly impair their emotional development); *see also In the Interest of C.G.*, No. 04-13-00749-CV, 2014 Tex. App. LEXIS 5941, at *22-23 (Tex. App.—San Antonio June 4, 2014, orig. proceeding) ("While the record indicates a poor relationship between Shaun and Loretta, and even assuming Loretta violated the terms of the divorce decree, we believe the evidence

3

is legally insufficient to support an implied finding that the children's present environment may endanger their physical health or significantly impair their emotional development.").

The record presented here does not contain explicit findings supporting the temporary order under section 156.006 of the Family Code, nor does it contain evidence of relator's serious acts or omissions from which we may imply the necessary findings that the children's emotional development, in their present circumstances, would be significantly impaired. While we recognize the district court's desire to maintain the status quo pending an anticipated hearing on the competing motions for modification, issuance of the temporary order on this record was an abuse of the district court's discretion given the explicit findings required by section 156.006(b) to justify such an order.

As such, we conditionally grant Nanelle Serio's petition for writ of mandamus. *See* Tex. R. App. P. 52.8(c). The writ will issue only if the district court fails to vacate its December 1, 2014 "Further Temporary Orders in Suit to Modify Parent-Child Relationship." Serio's motion for temporary relief is dismissed as moot.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Filed:   December 23, 2014

4