ACCEPTED
03-15-00107-CV
4473091
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/12/2015 11:58:11 AM
JEFFREY D. KYLE
CLERK

**No. 03-14-00107-CV**

_____

**IN THE COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/12/2015 11:58:11 AM
JEFFREY D. KYLE
Clerk

_____

SUZANNA ECKCHUM,
Appellant

v.

THE STATE OF TEXAS FOR THE PROTECTION OF HAL KETCHUM,
Appellee

_____

On Appeal from the County Court at Law No. 2 of Comal County, Texas
Cause No. C2014-1690C
Honorable Charles Stephens, Judge Presiding

_____

**STATE'S RESPONSE TO APPELLANT'S MOTION TO CHALLENGE TRIAL COURT ORDER SUSTAINING CONTEST TO APPELLANT'S AFFIDAVIT OF INDIGENCY**

_____

**Jennifer Tharp**
**Criminal District Attorney**

By
Joshua D. Presley
SBN: 24088254
Assistant District Attorney
150 N. Seguin Avenue, Suite #307
(830) 221-1300
Fax (830) 608-2008
New Braunfels, Texas 78130
E-mail: preslj@co.comal.tx.us
Attorney for the State

1

**TO THE HONORABLE JUSTICES OF SAID COURT**:

COMES NOW THE STATE OF TEXAS, by and through its Assistant District Attorney, and files this its Response to Appellant's Motion in the above-captioned cause. The State asks that the Court deny Appellant's Motion, and would show the following:

### Statement of Facts

On January 22, 2015, the trial court entered a Stalking Protective Order against Appellant (C.R. at 18-21). Appellant subsequently filed a form Affidavit of Inability to Pay Court Costs on February 12, 2015 (*id*. at 22). She left significant portions of that Affidavit blank, and never swore that she had "no property of any value" (*id*. at 22-23). Court Reporter Dana Dance timely filed her contest on February 23, 2015 (2nd Supp. C.R. at 7). In it, Ms. Dance observed that Appellant had failed to comply with the requirements of Texas Rule of Appellate Procedure 20.1(b), by failing to include complete information about her income, personal property and cash (*id*. at 7-8). Counsel for the court reporter informed the trial court at the February 28th hearing that he had emailed the contest and the notice of the hearing to Appellant's email address, which was listed on her affidavit (R.R. at 3). After the trial court sustained the contest, Appellant filed an unverified, unsworn Motion to Reconsider on March 5th (2nd Supp. C.R. at 13). Appellant then filed the instant Motion with this Court on March 6th.

2

## I. Standard of Review

An appellate Court will "review rulings on a request to proceed as indigent for abuse of discretion." *Donalson v. Barr*, 86 S.W.3d 718, 719 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Courts will not reverse a trial court's ruling sustaining a contest if the trial court reached the right result, even if it did so for the wrong reasons. *Id.* at 720.

## II. Appellant's Bare "Pauper's Affidavit" Is Insufficient to Invoke Texas Rule of Appellate Procedure 20.1

"[T]he fundamental requirement for asserting indigence has remained the same: the applicant must declare to the court, by affidavit, an inability to pay any, or the ability to pay only some, of the costs of appeal." *Higgins v. Randall County Sheriff's Office*, 257 S.W.3d 684, 686 (Tex. 2008). Appellant has filed a form Affidavit of Inability to Pay Court Costs instead of an Affidavit of Indigency complying with the Texas Rules of Appellate Procedure (*see* C.R. at 22). Not only has Appellant failed to include the additional required information for an appellate affidavit, nowhere in her form affidavit or in her own hand does Appellant declare her inability to pay the costs of the appeal. Likewise, the Appellant did not request through the form language or in her own writing that the trial court allow Appellant to proceed with the appeal without the advance payment of costs (*see id.* at 22-23). Courts generally cannot grant relief which a party has not requested.

*Mauldin v. MBNA Am. Bank, N.A.*, 2-07-208-CV, 2008 WL 4779614, at \*4 (Tex. App.—Fort Worth Oct. 30, 2008, no pet.) (mem. op., not designated for publication) (citing *Stevens v. Nat'l Educ. Ctrs., Inc.*, 11 S.W.3d 185, 186 (Tex. 2000).

This Court has apparently not decided whether a "pauper's affidavit" substantively suffices to invoke Texas Rule of Appellate Procedure 20.1. *See Houston v. Ally Fin., Inc.*, 03-14-00342-CV, 2014 WL 4536624, at \*1 (Tex. App.—Austin Sept. 8, 2014, no pet.) (mem. op., not designated for publication). Where the Appellant has filed such an affidavit which completely omits statutorily-required information (discussed *infra*), does not declare her inability to pay costs on appeal, and does not even *request* relief from or make any reference to the advance costs of the appeal, this Court should find Appellant's bare "pauper's affidavit" without more, to be insufficient to invoke Rule 20.1.

## III. Appellant Failed to Include Statutorily-Required Information in Her Affidavit of Indigence

In the alternative, in the event the Court finds the bare "Pauper's Affidavit" sufficient to invoke Texas Rule of Appellate Procedure 20.1, Appellant's affidavit is insufficient under the express terms of that Rule. In order to proceed without the advance payment of costs, an appellant must meet several requirements:

> [a] party who cannot pay the costs in an appellate court may proceed without advance payment of costs if:

(A) the party files an affidavit of indigence *in compliance with this rule*;

(B) the claim of indigence is not contestable, is not contested, or, if contested, the contest is not sustained by written order; and

(C) the party timely files a notice of appeal.

Tex. R. App. P. 20.1(a)(2) (West, Westlaw through 2013 Sess.) (emphasis added).

The rule further imposes mandatory requirements for the affidavit itself:

Contents of Affidavit. The affidavit of indigence must identify the party filing the affidavit and must state what amount of costs, if any, the party can pay. *The affidavit must also contain complete information about*:

...

(2) the income of the party's spouse and whether that income is available to the party;

(3) *real and personal property the party owns*;

(4) *cash the party holds and amounts on deposit that the party may withdraw*;

(5) *the party's other assets*;

...

(9) the party's ability to obtain a loan for court costs;

(10) whether an attorney is providing free legal services to the party without a contingent fee;

(11) whether an attorney has agreed to pay or advance court costs; and

(12) if applicable, the party's lack of the skill and access to equipment necessary to prepare the appendix, as required by Rule 38.5(d).

5

Tex. R. App. P. 20.1(b) (emphasis added).

Appellant's affidavit filed with the trial court does not appear to contain any of the above-listed mandatory information (*see* C.R. at 22-23). This is despite the fact that there were spaces in the form affidavit for at least some of the aforementioned items of information, which the Appellant seems to have ignored. (*see id*. at 23, § 6). Appellant claims in her motion that she left these spaces blank "because she has none of these items." Appellant's Motion at 5. However, the rule required Appellant to submit complete information in the form of an affidavit to the trial court. *See* Tex. R. App. P. 20.1(b). Notably, Appellant answered several other questions with a "0" to indicate she did not have various items in question, while glaringly omitting any information from the section related to her cash, bank accounts, vehicles, real and personal property (C.R. at 23). Even now, the affidavit attached to Appellant's motion – which was not subject to cross-examination following the Reporter's contest or submitted to the trial court prior to its order – fails to state what cash Appellant has on hand. Affidavit Attached to Motion at 1-2; *see In re C.H.C.*, 331 S.W.3d 426, 428, 430 (Tex. 2011) (where that appellant filed an amended affidavit in the trial court - prior to the order - which was not contested).[1] It is also noteworthy that the trial court was aware Appellant clearly

---

[1] Appellant filed a copy of her Motion and attached affidavit with the trial court on March 7, 2015 (2nd Supp. C.R. at 21). Out of an abundance of caution, the State will file a contest to the

6

had the funds necessary to move several times – to Austin, Nashville, and Wimberley – in the course of following the Applicant (C.R. at 8-9). *See Higgens v. Randall County Sheriff's Office*, 257 S.W.3d 684, 692 (Tex. 2008) (Green, J., dissenting) ("[I]f the courts allow the privilege granted [by the indigent cost rules] to be abused by those who, in fact, ought to pay, this may lead to the abolition of the exemption.") (citing *Pinchback v. Hockless*, 164 S.W.2d 19, 20 (1942)).

Appellant cites several cases in attempting to argue she was not required to address every factor in Rule 20.1(b), including *Moreno v. Perez.* Appellant's Motion at 5. Appellant's cited cases are readily distinguishable. In *Moreno*, the contest did not challenge any of the particulars in that appellant's affidavit. *Moreno v. Perez*, 363 S.W.3d 725, 743 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Additionally, at a hearing on the appellant's affidavit , the appellant presented evidence of the Rule 20.1(b) factors. *Id.* at 743-44. Her attorney further testified that she was IOLTA eligible, a fact the appellate court found particularly significant. *Id.* at 744 ("Ignoring the significance of the testimony regarding [appellant's] IOLTA eligibility, however, would elevate form over substance—something the supreme court has admonished is particularly inappropriate when assessing indigence."); *see also* Tex. R. App. P. 20.1(a)(1) (affidavits accompanied by IOLTA certificates may not be contested). *Moreno* cited *Higgens* for the

---

attached affidavit by March 13, 2015, and request that the Clerk's Office forward this contest to the Court in a supplemental record.

7

proposition that an affidavit need not specifically address all the items enumerated in Rule 20.1(b). *Id*. at 742.

However, the holding in *Higgins* was in the limited context of *uncontested* affidavits of indigence. *See* 257 S.W.3d at 686 (where the Court expressly "consider[ed] the effect of incomplete compliance with Rule 20.1(b) when an affidavit of indigence is uncontested."). The Court repeatedly stressed the fact that no contest was filed. *See, e.g., id.* ("No contest was filed to [appellant's] affidavit."), *id*. at 688 ("Importantly, neither the clerk, the court reporter, nor any party challenged [appellant's] claim of indigence by filing a contest to his affidavit, as subsection (e) specifically allows."); *see also* Tex. R. App. P. 20.1(f) (where no contest is filed, "no hearing will be conducted, the affidavits allegations will be deemed true, and the party will be allowed to proceed without advance payment of costs."); *but see* Tex. R. App. P. 20.1(g) ("If a contest is filed, the party who filed the affidavit of indigence must prove the affidavit's allegations."). The fact that the appellant's affidavit was uncontested – especially in light of Rule 20.1(f) – was key to the Court's ultimate holding: "[the appellant's] affidavit adequately explained that he is unable to pay the required filing fee and, *as no challenge was made to his assertion of indigence*, [the appellant] is entitled to proceed without

advance payment of costs." *Higgins*, 257 S.W.3d at 689 (emphasis added); *see also id*. at 688.[2]

Appellant's allegations in her *contested* affidavit may not be deemed true under Rule 20.1(f), nor may she be "allowed to proceed without advice payment of costs" under that rule. Furthermore, Appellant did not prove the allegations in her contested affidavit as required by Rule 20.1(g). Accordingly, in light of the express, mandatory requirements of Rule 20.1(b) – and in light of Appellant's failure to correct all of the defects in the affidavit – the trial court's ruling on the timely contest to the affidavit should be upheld.

### IV. Appellant Has Not Rebutted the Presumption of Receipt of Electronic Service and the Trial Court Could Shorten the Notice for the Hearing

Texas Rule of Civil Procedure 21a now provides for electronic service, and states that service is complete on transmission of the document to the serving party's electronic service provider. Tex. R. Civ. P. 21a(a), (b)(3). Appellant acknowledges a rebuttable presumption of receipt arises when a notice is properly addressed and mailed. Appellant's Motion at 7. This rebuttable presumption should likewise exist for emailed notices. *See, e.g., American Boat Co., Inc. v. Unknown Sunken Barge*, 418 F.3d 910, 914 (8th Cir. 2005) ("a presumption of delivery

---

[2] Appellant also cites *In re C.H.C.* for the proposition that she is not required to address every factor in 20.1(b); however, that case likewise involved an affidavit of indigence which was not timely contested. 331 S.W.3d at 428.

should apply to e-mails. 'A jury is permitted to infer that information sent via a reliable means-such as the postal service or a telegram-was received.' *Kennell v. Gates,* 215 F.3d 825, 829 (8th Cir.2000). We have held that there is 'no principled reason why a jury would not be able to make the same inference regarding other forms of communication—such as facsimiles, electronic mail, and in-house computer message systems—provided they are accepted as generally reliable and that the particular message was properly dispatched.'"); *Abdullah v. Am. Exp. Co.*, 3:12-CV-1037-J-34MCR, 2012 WL 6867675, at \*5 (M.D. Fla. Dec. 19, 2012), *report and recommendation adopted,* 3:12-CV-1037-J-34MCR, 2013 WL 173225 (M.D. Fla. Jan. 16, 2013) ("While this case deals with electronic mail rather than mail sent through the U.S. Postal System, the undersigned sees no reason why the same presumption of delivery would not be applicable.").

In addition to the certificate of service, at the hearing on the contest, counsel for the court reporter informed the trial court that he had emailed the contest and the notice of the hearing to Appellant at the address Appellant listed on the affidavit (R.R. at 3). This was in addition to sending the notice through the postal service (*id.*). Because counsel sent the email notice to Appellant at the address she herself provided, a rebuttable presumption should arise that she received said notice. Furthermore, while Appellant claims in her motion that she had "no notice" until after the hearing, the motion itself is not sworn or verified. Appellant's

10

Motion at 7. In the affidavit attached to Appellant's Motion, Appellant never swears she had no notice of the hearing; she refers only to the first-class and certified-mail notices, and makes no mention whatsoever of the email notice. Application Attached to Appellant's Motion at 1. Appellant never claims in the affidavit to have had no notice until after the hearing. *Id*. Even if she had, that would not be sufficient to create a material issue of fact. *See Abdullah*, 2012 WL 6867675, at *5 ("the mere statement in his affidavit that he did not receive the email… did not rise to the level necessary to rebut the presumption of receipt…."). Appellant has failed to rebut the presumption that she received the emailed notice and contest.

As to the general three-day notice requirement, the trial court could, in its discretion, shorten the time for notice of the hearing. Texas Rule of Civil Procedure 21 generally requires three days' notice of a hearing, "unless otherwise provided by these rules or shortened by the court." Tex. R. Civ. P. 21. Appellate courts will review a trial court's decision to shorten the length of notice under an abuse-of-discretion standard. *In re C.S.*, 264 S.W.3d 864, 871 (Tex. App.—Waco 2008, no pet.).

In the Waco court of appeals case *In re C.S.*, the appellees had filed a motion to dismiss and the notice of the hearing in the trial court on August 6th. *Id*. The hearing was conducted on August 8th over the appellant's objection. *Id*. The

11

appellees had earlier informed the appellant they would be filing the motion, though at the time, they told him the hearing would be on August 22nd. *Id*. Even though he would ordinarily have been entitled to six days' notice, the court of appeals overruled appellant's objection to only having two days' notice of the hearing. *Id*. The court noted the appellant had yet to identify additional facts which would have changed the outcome. *Id*.

In the instant case, Rule 20.1 sets relatively short deadlines, including the time to hold hearings on contests to affidavits. Tex. R. App. P. 20.1(e), (i). The form affidavit – which Appellant partially filled out and filed on February 12th – explicitly informed her that "[t]he court may order you to answer questions about your finances at a hearing. At that hearing you will have to present evidence to the judge of your income and expenses…." (C.R. at 22). As noted *supra*, Appellant did not appear to prove the allegations in her contested affidavit as required by Rule 20.1(g), and even now has not stated what amount of cash she has on hand. In any event, the trial court could choose to disbelieve Appellant's assertions, especially in light of the fact that she apparently had the resources to repeatedly move – from Austin, to Nashville, to Wimberley – in the course of following the Applicant (C.R. at 8-9).

In the context of the sharp time constraints imposed by Rule 20.1, Appellant was aware from the notice in the form affidavit she filed on February 12th that she

might have to appear at a hearing and prove her allegations. Appellant presumptively received the contest and notice two days before the hearing. She claims to have been unemployed for some time, and even if she had some other scheduling conflict, at the very least she should have called and informed the court. In light of the foregoing, the trial court did not abuse its discretion in shortening the time to conduct the hearing from three days to two.

## V. Remedies

The Texas Supreme Court has held that courts must give an appellant a reasonable time to correct a defect in an affidavit. *Higgins v. Randall Cnty. Sheriff's Office*, 193 S.W.3d 898, 899-900 (Tex. 2006) (per curiam). In the instant case, the Appellant submitted a Motion to Reconsider to the trial court on March 5, 2015, eight days after the February 25th order was signed (2nd Supp. C.R. at 13; 1st Supp. C.R. at 4). The motion was not sworn, nor did it contain an affidavit from Appellant correcting the defects highlighted by the contest (2nd Supp. C.R. at 13). Because Appellant did not submit such evidence to the trial court within a reasonable amount of time – despite having time to prepare the Motion to Reconsider – the trial court's ruling should be sustained, Appellant's instant motion in this Court should be denied, and Appellant should be ordered to pay the costs of her appeal.

In the alternative, the Court should deny the instant motion to prevent its being granted by operation of law. *See* Tex. R. App. P. 20.1(j)(4). The Court might then remand the case with orders for the trial court to hear evidence on the contest filed related to the subsequent affidavit attached to the copy of this motion Appellant filed in the trial court on March 7, 2015. Although the State would prefer denial of the instant motion to ensure compliance with Rule 20.1(j)(4), the Court may also have the authority to remand the case to hear further evidence on the contest and affidavit without ruling on the motion despite the rule. *See Houston*, 2014 WL 4536624, at *1 (where this Court abated and remanded another contest for the district court to hear evidence, though the exact procedural history is not entirely clear).

Finally, in the event the Court decides against the outright denial of the motion or a remand of the case for further evidence, the Court may require the Appellant to file a complete affidavit to comply with the mandatory requirements of Texas Rule of Appellate Procedure 20.1(b). However, this alternative would relieve Appellant of her burden to prove her allegations at a hearing, subject to cross-examination.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, the State respectfully prays that Appellant's Motion be, in all things, DENIED. The State further prays that the

14

trial court's ruling be sustained and that Appellant be ordered to pay the costs of her appeal. In the alternative, the State prays that the Motion be, in all things, DENIED, but the cause be remanded for a hearing regarding the subsequent contest. The State further alternatively prays that the Court remand the case to the district court to hear additional evidence on the contest. As an alternative of last resort, the State prays that the Court order Appellant to file an affidavit which fully complies with Tex. R. App. P. 20.1. The State also prays for all relief, both special and general, in law and in equity, to which it may be entitled.

Respectfully submitted,

/s/ Joshua D. Presley
**Joshua D. Presley**
SBN: 24088254
preslj@co.comal.tx.us
Comal Criminal District Attorney's Office
150 N. Seguin Avenue, Suite 307
New Braunfels, Texas 78130
Ph: (830) 221-1300 / Fax: (830) 608-2008

# CERTIFICATE OF SERVICE

I, Joshua D. Presley, Assistant District Attorney for the State of Texas, Appellee, hereby certify that a true and correct copy of this *State's Response to Appellant's Motion* has been delivered to Appellant SUZANNA ECKCHUM's attorney of record in this matter:

Mysha Lubke
mysha.lubke@bakerbotts.com
98 San Jacinto Blvd., Suite 1500
Austin, TX 78701
*Counsel for Appellant on Appeal*

As well as to the attorney of record for Court Reporter DANA DANCE:

James S. Bettersworth
bettersworth@bettersworthlaw.com
The Bettersworth Law Firm
110 W. Faust Street
New Braunfels, TX 78130

by electronic mail service through efile.txcourts.gov to the above-listed email addresses, this 12th day of March, 2015.

/s/ Joshua D. Presley
**Joshua D. Presley**