

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00050-CV

### IN RE E.W.O.

### Original Proceeding

## MEMORANDUM OPINION

In this proceeding the trial court has rendered a temporary order that modified a divorce decree to change the parent who had the right to establish the primary residence of the child from the relator, who is the mother of the child, to the father of the child.[1] In this mandamus proceeding, the relator argues that the trial court erred by conducting a hearing on the motion for temporary orders because the father failed to file an affidavit with his motion to modify that sought the change in the right to establish the primary residence of the child, and there was insufficient evidence to show that the child's present circumstances would significantly impair the child's physical health or emotional development, which is required for the trial court to change the designation between the

---

[1] The divorce decree contained a geographical restriction to Ellis and contiguous counties, which remained in the temporary orders at issue in this mandamus proceeding.

parents of the child. Because we find that the trial court abused its discretion, we conditionally grant the relator's requested relief.

STANDARD OF REVIEW

A party seeking mandamus relief must show that the trial court clearly abused its discretion and that the party has no adequate remedy by appeal. *In re Southwestern Bell Tel. Co., L.P.*, 226 S.W.3d 400, 403 (Tex. 2007) (orig. proceeding). Because a trial court's temporary orders are not appealable, mandamus is an appropriate vehicle for a challenge to such an order. *See In re Derzapf*, 219 S.W.3d 327, 334-35 (Tex. 2007) (orig. proceeding) (per curiam).

FAMILY CODE SECTION 156.006

Under Section 156.006, when a petition seeking modification of an order related to the parent-child relationship is pending, the trial court "may not render a temporary order" that changes which parent has the right to designate the child's primary residence unless the temporary order is in the child's best interest and, in relevant part, "the order is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development." TEX. FAM. CODE ANN. § 156.006(b) (West 2014).

The relator complains that the trial court abused its discretion by conducting a hearing on the father's motion for temporary orders to change the designation of the parent with the right to establish the primary residence of the child because no affidavit was attached to his motion pursuant to Section 156.006(b-1) of the Family Code. The

father argues that the relator waived this complaint by failing to object to the trial court prior to or during the temporary orders hearing. It is not necessary for us to address the pleading and preservation issue, however, because even if it was erroneous to conduct the hearing, the evidence presented in the hearing was not sufficient to sustain the trial court's order.

"Texas courts have recognized that the 'significant impairment' standard in section 156.006(b)(1) is a high one," and that standard requires "evidence of bad acts that are more grave than violation of a divorce decree or alienation of a child from a parent." *In re Payne*, No. 10-11-00402-CV, 2011 Tex. App. LEXIS 9611, 2011 WL 6091265, at *2 (Tex. App.—Waco Dec. 2, 2011, orig. proceeding) (mem. op.); *In re C.S.*, 264 S.W.3d 864, 874-75 (Tex. App.—Waco 2008, no pet.). Even by implying all necessary findings in favor of the trial court's temporary order, the evidence presented at the hearing did not rise to the level that could support the order under Section 156.006(b)(1).[2] *See In re Serio*, No. 03-14-00786-CV, 2014 Tex. App. LEXIS 13791, 2014 WL 7458735, at *1-2 (Tex. App.—Austin Dec. 23, 2014, orig. proceeding) (mem. op.) ("The record presented here does not contain explicit findings supporting the temporary order under Section 156.006 of the Family Code, nor does it contain evidence of relator's serious acts or omissions from which we may imply the necessary findings that the children's emotional development, in their present

---

[2] Because this is a memorandum opinion and the parties are very familiar with the facts, and due to the importance of reaching a resolution of this mandamus proceeding in an expedited manner, we will not include a detailed recitation of the facts presented at the temporary orders hearing.

circumstances, would be significantly impaired."). The trial court did not make a finding of significant impairment or otherwise refer to the Section 156.006(b-1) standards in the hearing, the written ruling, or in the formal temporary orders. Because the evidence was not sufficient to support the trial court's order, the trial court abused its discretion by rendering a temporary order that changed the right to designate the primary residence of the child from the relator to the father.

CONCLUSION

The trial court abused its discretion in rendering a temporary order that changed the parent with the right to designate the child's primary residence from the relator to the father. We conditionally grant the relator's requested relief and direct the trial court to vacate the temporary order of January 22, 2019 to the extent that it named the father as the parent with the exclusive right to establish the primary residence of the child. A writ will issue only in the unlikely event that the trial court does not act in accordance with this opinion within fourteen days after the date of this opinion. The order of this Court which stayed the effect of the temporary order is ordered lifted upon the trial court's signing of an order in accordance with this opinion.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Neill
Petition conditionally granted
Opinion delivered and filed February 27, 2019
[OT06]

