

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00199-CV

_____

IN THE INTEREST OF J.K., J.K., AND J.K., CHILDREN

---

On Appeal from the 360th District Court
Tarrant County, Texas
Trial Court No. 360-679087-20

---

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Supplemental Memorandum Opinion on Rehearing by Justice Birdwell

**SUPPLEMENTAL MEMORANDUM OPINION ON REHEARING**

On November 4, 2021, we issued an opinion affirming the termination of Mother's parental rights but reversing and remanding the denial of permanent managing conservatorship as to Father. The Department has filed a motion for rehearing. In it, the Department argues that Father's abandonment of Ashley shows a likelihood of significant impairment that justified the denial of permanent managing conservatorship. The Department also raises a new issue for the first time on rehearing: that Ashley's desire not to live with Father provides an independent basis for denying permanent managing conservatorship.

After considering the motion for rehearing, our prior opinion remains unchanged. We deny the motion and issue this supplemental opinion to explain the reasons for the denial.

As to Father's purported abandonment of Ashley, the Department notes that, at the time of trial in 2021, Father had not seen Ashley since 2019. According to the Department, Mother left Father's residence because he was unwilling to provide the children with assistance, leading to Father's two-year absence from Ashley's life. The Department submits that Father's abandonment reflects a likelihood that appointing Father as Ashley's managing conservator would significantly impair her physical health or emotional development. *See Critz v. Critz*, 297 S.W.3d 464, 474 (Tex. App.—Fort Worth 2009, no pet.).

This argument does not square with the testimony at trial. There was no evidence that Father was unwilling to provide the children with assistance, that his unwillingness caused Mother to depart with the children, or that he had otherwise abandoned the children in any fashion. Rather, the record reflects that Father invited Mother and the children to live with him so that he could provide them with support and assistance, but that Mother left Father's residence on her own. That is, Father offered to help with the children, and the custodial parent rejected his offer, which is not an act or omission on Father's part that suggests a probability of significant impairment. *See In re S.T.*, 508 S.W.3d 482, 498 (Tex. App.—Fort Worth 2015, no pet.) (concluding that because a father's separation from his child was due to circumstances beyond his control, there was no evidence that the father had abandoned the child). Moreover, after Mother left, Father kept in consistent contact with the children as best as his limited resources allowed, and there was evidence that he tried to gain custody of the children before the trial. *See In re L.D.J. III*, No. 13-15-00099-CV, 2017 WL 371486, at *4 (Tex. App.—Corpus Christi–Edinburg Jan. 26, 2017, pet. denied) (mem. op.) (concluding that where a mother's situation forced her to be separated from her children for a time, but she maintained regular contact with them during the separation and took legal steps to reunite with them, this did not show abandonment or significant impairment). In short, there was no evidence of abandonment.

Next, the Department argues that Ashley's desire not to live with Father supports the denial of permanent managing conservatorship. It was undisputed that Ashley did not want to live with Father.

As the Department concedes, it has raised this issue for the first time in its motion for rehearing. "[T]he Department prevailed in the trial court, and therefore did not need to raise every argument supporting the trial court's judgment in its appellee's brief in the court of appeals." *In re G.X.H.*, 627 S.W.3d 288, 295 (Tex. 2021). Thus, "this complaint was not waived, but instead could be raised either in a motion for rehearing or a petition for review." *Id.* Furthermore, in deciding whether to appoint the Department as managing conservator without terminating parental rights, the court should consider the needs and desires of the child. *See* Tex. Fam. Code Ann. § 263.404(b)(3). The Department's argument concerning Ashley's desires is fairly before us and germane to the present inquiry.

Texas courts have recognized that the significant impairment standard "is a high one" that demands more than "alienation of a child" before it will be satisfied. *In re Serio*, No. 03-14-00786-CV, 2014 WL 7458735, at *2 (Tex. App.—Austin Dec. 23, 2014, orig. proceeding) (citing *In re C.S.*, 264 S.W.3d 864, 874–75 (Tex. App.—Waco 2008, no pet.)). The child's desires do not always carry the day. *See In re K.R.P.*, 80 S.W.3d 669, 677 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (affirming a conservatorship determination contrary to the child's desires). Again, in light of the parental presumption, our focus is whether there was some specific, identifiable

4

parental behavior or conduct that would probably harm Ashley, *see Critz*, 297 S.W.3d at 474, and the testimony concerning Ashley's desires was "not evidence of bad acts by" Father. *See In re Coker*, No. 03-17-00862-CV, 2018 WL 700033, at *6 (Tex. App.—Austin Jan. 23, 2018, no pet.) (mem. op.). This evidence does not support a finding of significant impairment.

We therefore deny the motion for rehearing.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: December 9, 2021